916 F.2d 713
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rick MOORE, Plaintiff-Appellant,
v.
John T. WIGGINTON; Dewey Sowders; Captain R. Bottoms,
Defendants-Appellees.
 No. 90-5229.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1990.
 
 1
 Before WELLFORD and DAVID A. NELSON, Circuit Judges; and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Rick Moore, a pro se Kentucky state prisoner, appeals the dismissal of his civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Moore sued the Kentucky Secretary of Corrections, the warden of the Northpoint Training Center, and a prison guard for monetary relief. He alleged that he had been assaulted by another inmate, resulting in permanent scarring of his face, and that the assault was due to overcrowded conditions and a lack of adequate security. Further, he alleged that he received no medical attention until three hours following the attack and that, when he was returned from the hospital, he was placed in segregation for sixty days, without being afforded due process. The district court adopted the magistrate's recommendation, over Moore's objections, to dismiss the case as frivolous under 28 U.S.C. Sec. 1915(d). The court concluded that plaintiff had not sufficiently alleged the personal involvement of the defendants in the alleged constitutional violations.
 
 
 4
 Upon consideration of the scant record in this case, this court is unable to conclude that Moore's claim lacks any arguable basis in law or fact and was thus subject to dismissal as frivolous. See Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). This court has previously held that supervisory prison officials may be liable for failure to develop adequate security policies which amounts to a deliberate indifference to the risk of inmate assaults. Roland v. Johnson, 856 F.2d 764, 770 (6th Cir.1988). Nor are we able to conclude that the named prison guard was not deliberately indifferent to Moore's serious medical needs in delaying his medical treatment for three hours after the attack. See Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir.1976). Finally, one of the named defendants may be the party responsible for Moore's alleged segregation without due process.
 
 
 5
 Because we conclude that the record in this case requires further development, the order dismissing the complaint as frivolous is vacated, and this case is remanded to the district court for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation